IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HOLLAND HOLDING COMPANY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>MERRIMAC CORPORATION, HASSAN ABDULHADI TAHER, LOUIS AROVAS, SUHA ABDUL'AL, and DOES 1 THROUGH 25,<br><br>Defendants. | ) | Case No. 1:26-cv-8221 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendant Merrimac Corporation ("Merrimac") respectfully removes this action, originally filed in the Supreme Court of the State of New York, County of New York, on September 21, 2026, with no index number yet assigned (the "State Court Action"), to this Court.

Merrimac respectfully states as follows:

1. Plaintiff Holland Holding Company, Ltd. filed the State Court Action. A copy of the Complaint in the State Court Action is attached as Exhibit 1. No process, pleadings, and orders have been served upon Merrimac or, to Merrimac's knowledge, on any other party, as of the time of this notice.

## I. Removal is proper under 28 U.S.C. § 1441(a).

2. 28 U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States

have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of states and citizens of a foreign state.

4. The matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, because Plaintiff claims in excess of $225 million in actual and compensatory damages. *See* Ex. 1 at 54 ¶ A.

5. The matter in controversy is between citizens of states and citizens of a foreign state:

a. Plaintiff Holland Holding Company, Ltd. is a citizen of the British Crown Dependency of Jersey.

b. Defendant Merrimac Corporation is a Delaware corporation with its principal place of business in Stamford, Connecticut.

c. Defendant Hassan Taher is a citizen of Malta and Saudi Arabia residing in New York, New York. Ex. 1 ¶ 9.

d. Defendant Louis Arovas is a citizen of Connecticut residing in Greenwich, Connecticut.

e. Defendant Suha Abdul'al is not a citizen of the United States. The Complaint alleges that she is a dual citizen of Switzerland and the United Arab Emirates and that she currently resides in Dubai and Geneva. Ex. 1 ¶ 10.

6. Accordingly, this case is removable pursuant to 28 U.S.C. § 1441(a).

## II. Removal is proper under 28 U.S.C. § 1446.

7. 28 U.S.C. § 1446(b)(1) provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

8. The initial pleading in the State Court Action was filed on September 21, 2026.

9. Merrimac received the complaint in the State Court Action on September 21, 2026, but not from Plaintiff. Merrimac filed this notice of removal on September 21, 2026.

10. No defendants have been properly served as of removal. Thus the consent of other defendants is not required for removal. *See* § 1446(b)(2)(A).

## III. Other Requirements.

11. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 112(b) 1441(a), and 1446(a) because it is part of the "district and division embracing the place where" Plaintiff filed the State Court Action—New York County, New York.

12. Promptly after the filing of this notice of removal, Merrimac will give written notice thereof to Plaintiff and will file a copy of the notice with the clerk of the Supreme Court of the State of New York, New York County, which shall effect the removal and ensure that the state court shall proceed no further unless and until the case is remanded. *See* 28 U.S.C. § 1446(d).

13. In filing this Notice of Removal, Merrimac does not waive any, and specifically reserves all, defenses, exceptions, rights and motions. No statement or omission in this Notice shall be deemed an admission of any allegation of or damages sought in the Complaint.

WHEREFORE, Merrimac submits that this action properly is removable based on diversity jurisdiction and respectfully requests that the above-described action pending against it be

removed to the United States District Court for the Southern District of New York, and requests all other relief, at law or in equity, to which it is justly entitled.

September 21, 2026

Respectfully submitted,

/s/ *Sagar K. Ravi*

Sagar K. Ravi
McDERMOTT WILL & SCHULTE LLP
One Vanderbilt Avenue
New York, New York 10017
(212) 547-5400

Michael S. Nadel (*pro hac vice* forthcoming)
Rachel M. Peltzer
McDERMOTT WILL & SCHULTE LLP
500 North Capitol Street, N.W.
Washington, D.C. 22201
(202) 756-8000

Attorneys for Defendant Merrimac Corp.